DECISION
Plaintiffs appealed adjustments Defendant made to their 2004, 2005, and 2006 Oregon nonresident returns concerning the credit for taxes paid to another state. Plaintiffs appeared on their own behalf. Defendant was represented by Vickie Rice, an auditor with the Department of Revenue (department). The parties have asked the court to make a decision in the matter based on their written submissions.
 I. STATEMENT OF FACTS
For the years at issue, Plaintiffs lived in California. Debra Korsmeyer (Debra) worked in Oregon. Bruce Korsmeyer (Bruce) did not work in Oregon.[1] Debra filed Oregon individual nonresident returns in 2004 and 2005 because she had Oregon-source income those years. In addition to her Oregon-source wages in 2004 and 2005, Debra received alimony payments both years. Those payments are reported on Debra's 2004 and 2005 federal returns and were taxed by the Internal Revenue Service (IRS). California also taxed those monies. Oregon did not, although Plaintiffs dispute that fact. Debra claimed a credit for taxes paid to another state on her 2004 and 2005 Oregon returns. *Page 2 
Plaintiffs were married in 2006 and filed a nonresident Oregon return with the filing status of married joint. Plaintiffs again took the statutorily authorized credit for taxes paid to another state.
Defendant adjusted the returns for all three years based on a determination that an error was made in the calculation of the credit for income taxes paid to another state. Plaintiffs have appealed that determination. The court has reviewed the matter and finds that Defendant's adjustments were appropriate, as explained more fully below.
 II. ANALYSIS
A. Income and Taxes
Oregon imposes a tax on nonresidents attributable to sources of income derived within this state. ORS 316.037(3)[2] (providing that "[a] tax is imposed for each taxable year on the taxable income of every full-year nonresident that is derived from sources within this state") and ORS316.127 (defining the adjusted gross income of nonresidents derived from sources within this state). Among the items generally excluded from the calculation are nonresident retirement income (ORS 316.127(9)) and alimony (ORS 316.130(2)(c)(A)).
ORS 316.130 provides in relevant part: "(1) [t]he taxable income for a full-year nonresident individual is adjusted gross income attributable tosources within this state determined under ORS 316.127." (Emphasis added.) ORS 316.127 provides a more detailed definition of a nonresident's adjusted gross income derived from sources within a state.[3] The applicable administrative rule provides in relevant part: "the gross income of a nonresident * * * *Page 3 
includes compensation for personal services only to the extent that the services were rendered in this state." OAR 150-316.127-(A).[4]
Moreover, "nonresident taxpayers are allowed a proportionate share of all deductions, with required modifications." OAR 150-316.037(1).
Under ORS 316.117, Oregon source income is divided by total federal income to arrive at the percentage of income earned in Oregon.[5] That percentage also applies to deductions and modifications. The tax is computed on the modified Oregon income. Those statutes all pertain to determining the amount of income earned in Oregon and the tax due thereon.
There is no serious dispute in this case as to whether Oregon is taxing income earned other than in Oregon. For example, in 2004, Debra included all of her Oregon wages ($16,908) in the Oregon column on her nonresident Oregon return. Alimony in the amount of $11,412 appeared in the federal column (and on the federal and California returns) but was not in the Oregon column.[6] The income in Debra's Oregon column was divided by her total federal income to determine the percentage of income attributable to Oregon. That amount, after statutorily allowed deductions and modifications, determined her Oregon taxable income and her Oregon tax. Oregon did not tax Debra's California-source alimony. ORS 316.130(2)(c). California did tax that amount, along with the wages Debra earned in Oregon.
The same is true for 2005, although the numbers are different. In 2006, Plaintiffs' tax situation was slightly different because Plaintiffs were married and Debra had wages from Oregon sources while Bruce had income from California sources. Again, however, as with the earlier tax years, Plaintiffs' reportable income in the Oregon column of their 2006 nonresident *Page 4 
return included only Debra's Oregon wages. And only those wages were subject to Oregon tax. It is important to not confuse the amount of Oregon income and Oregon tax, on the one hand, with the credit Oregon allows for taxes paid to another state, on the other. Plaintiffs confuse those two points.
B. Credit for Taxes Paid to Another State
The dispute in this case is really over the calculation of the credit for taxes paid to another state. The credit is provided in ORS 316.131
and ORS 316.082(6). ORS 316.131(1)(c) provides that "[c]redit shall be allowed only for the proportion of the taxes paid to the state of residence * * * as the adjusted gross income taxable under this chapter and also subject to taxes in the state of residence bears to the entire adjusted gross income upon which the taxes paid to the state of residence are imposed." (Emphasis added.) In other words, the credit is a percentage.
Computation of the credit is governed by the provisions of OAR 150-316.082; OAR 150-316.131(2).[7] OAR 150-316.082(2) provides:
 "(4) Computing the credit for a nonresident. The credit allowed to a nonresident is the lesser of the following amounts:
 "(a) Oregon tax based on mutually taxed income (as defined under (2)(g) [of that rule];
 "(b) the other state's tax based on mutually taxed income (as defined under (2)(h) [of that rule];
 "(c) the tax actually paid to the other state; or
 "(d) Oregon net tax."
(Emphasis in original.)
Before discussing the formulas referenced in paragraphs (a) and (b) of subsection (4) of the rule set forth immediately above (OAR 150-316.082(2)), it is important to note that the credit *Page 5 
is the "lesser" of the four alternative amounts set forth in the rule, two of which require further calculation. As it turns out, the formula in subsection (2)(h) — and referred to by the parties as "formula 2" — provided a lesser credit than that calculated under subsection (2)(g) — referred to by the parties as "formula 1." Defendant's adjustments to the returns were based on the utilization of formula 2. Plaintiffsprefer the use of formula 1.
Under formula 1 of the rule, "mutually taxed income" (modified AGI taxed by both states)[8] is divided by "modified adjusted gross income,"[9] and the outcome is multiplied by "Oregon net tax." OAR150-316.082(2) (2)(g). For 2004, Debra's mutually taxed income and her modified AGI were the same — $16,908. The proportion (or ratio) produced by dividing the two numbers (which are identical) is one. Multiplying Debra's 2004 Oregon tax of $1013 by "one" provides for a possible credit of $1013.[10]
Under formula 2 of the rule, mutually taxed income (modified AGI taxed by both states) is divided by "total income on the return of the other state," and the outcome is multiplied by the "other state's net tax." OAR 150-316.082(2) (2)(h). As with formula 1, discussed above, Debra's mutually taxed income was $16,908. However, her total income on her California return was $28,320 (because it included $11,412 of alimony Debra received from California sources). The ratio between those two numbers is 59.7 percent, which Debra correctly calculated. Multiplying that percentage by Debra's California tax of $554 generates a possible credit of $331. Because that number is less than the credit provided under formula 1, Debra's *Page 6 
2004 credit for taxes paid to another state and deducted from her Oregon tax, on her Oregon return, is $331.[11]
Plaintiffs insist that Defendant's method of calculating the credit includes Debra's alimony for 2004 and 2005, and Bruce's income in 2006, all of which were generated in California (Ptfs' Memo at 1, Sept 5, 2008.) Plaintiffs are mistaken. The inclusion of Debra's alimony in 2004 and 2005, and Bruce's income in 2006 only appear in the federal column of their nonresident Oregon returns. The inclusion of those amounts is not only called for by state law, but, as a practical matter, is necessary in order to get an accurate measure of the percentage of total income taxed by California that included Oregon source income. If those amounts were removed, the ratio would be higher (for example, for 2004, the percentage would be 1.0 rather than 59.7 percent), which would have the effect of increasing the calculation of the credit under formula 2 from $331 to $554. That is essentially the amount of the credit Debra took on her 2004 return. (Debra's 2004 Form 40N, line 58; see also fn 10 above.) While that outcome is favorable to Plaintiffs, it is contrary to Oregon law, and would allow Plaintiffs to deduct as a credit on their Oregon return all of the taxes Plaintiffs paid to California, not just the taxes they paid to California on their Oregon-source income, income that was also taxed by this state.
Oregon only taxes income derived from sources within this state. California, on the other hand, which is Plaintiffs' state of residency, imposes a tax on all of Plaintiffs' income, including amounts earned in Oregon. The purpose of the credit allowed by Oregon is to remove the double taxation, which is measured by the tax both states impose on the income Debra earned in Oregon. *Page 7 
 III. CONCLUSION
The court concludes that Defendant's adjustments to Plaintiffs' returns for 2004, 2005, and 2006, are correct insofar as the adjustment to the credit for taxes paid to another state for those years, and Plaintiffs' appeal must therefore be denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiffs' appeal for all three tax years is denied because they miscalculated the credit for taxes paid to another state.
Dated this ________ day of February 2009.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 13,2009. The Court filed and entered this document on February 13, 2009.
[1] Bruce had some source of income in 2006 from California, but it is not clear whether that income is from wages or some other source (e.g., retirement).
[2] All references to the Oregon Revised Statutes (ORS) are to 2003.
[3] That statute provides that a nonresident's AGI "from sources within this state" includes "[t]he net amount of items of income, gain, loss and deduction entering into the nonresident's federal adjusted gross income that are derived from or connected with sources in this state including * * *." ORS 316.127(1)(a). In other words, it is the portion of those amounts attributable to Oregon sources.
[4] All references to the Oregon Administrative Rules (OAR) are to those in effect in 2004.
[5] Of course, if there is no other income, the percentage is 100 percent.
[6] Oregon's nonresident return requires the taxpayer to provide two different "columns" of income; a federal column and a state column. The taxpayer is then asked to divide the income in the Oregon column by the income in the federal column to determine the percentage of income earned in this state.
[7] Providing that: "Computation. OAR 150-316.082(2) subsection (4) shall be followed." (Emphasis in original.)
[8] As defined in OAR 150-316.082(2) (2)(d).
[9] Defined in OAR 150-316.082(2) (2)(b) as "adjusted gross income as modified under ORS Chapter 316, but only as to items related to federal adjusted gross income."
[10] It is worth noting that Debra calculated her Oregon tax to be within $10 of this amount. (Debra's 2004 Oregon Form 40N, line 62.) That $10 error was the result of Debra's miscalculation of her credit for taxes paid to another state. It appears she intended to deduct her entire California tax, which was $554, but she actually wrote $544, a difference of $10. (Id. at line 58.)
[11] By rule, the other two options for determining the credit are the tax actually paid to the other state ($554) or Debra's Oregon net tax ($1013). OAR 150-316.082(2) (4)(c), (d). Both numbers are higher than the allowable credit (which must be the lesser of the four amounts) of $331 under formula 2, and the rule limits the credit to the lesser of the four amounts.